Kevin Coles, OSB #170926
kevin.coles@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St., Ste. 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
Attorney for Defendant Red Robin International, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Francisco Turquiz Ajanel and Guadalupe Lopez Velasquez,<br><br>        Plaintiffs,<br><br>vs.<br><br>Santana Dhannie, Safe Space Cleaning LLC, Afterwork Maintenance, and Red Robin International, Inc.,<br><br>        Defendants. | Case No.: 3:23-CV-00571-SI<br><br>**DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS** |
| Red Robin International, Inc.<br><br>        Defendant/Crossclaimant,<br><br>vs.<br><br>Santana Dhannie and Afterwork Maintenance,<br><br>        Crossclaim Defendants. | |

Defendant Red Robin International, Inc. ("RRII") answers Plaintiffs' Complaint as follows:

FIRST CLAIM FOR RELIEF

(Oregon Minimum Wage: ORS 653.025)

(Against All Defendants)

1.

RRII lacks information sufficient to form a belief as to the allegations in Paragraph 1 and on that basis denies.

2.

RRII lacks information sufficient to form a belief as to the allegations in Paragraph 2 and on that basis denies.

3.

RRII lacks information sufficient to form a belief as to the allegations in Paragraph 3 and on that basis denies.

4.

RRII lacks information sufficient to form a belief as to the allegations in Paragraph 4 and on that basis denies.

5.

RRII denies that it or any of the Defendants employed Plaintiffs. RRII admits that Defendant Dhannie was a principal of Afterwork Maintenance. RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 5 and on that basis denies them.

6.

Admit.

7.

Deny.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

8.

The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response may be required, RRII admits that the statute speaks for itself. RRII denies the allegations in Paragraph 8 to the extent they are inconsistent with the statute referenced therein. RRII denies that it or any of the Defendants employed Plaintiffs.

9.

RRII denies that it or any of the Defendants employed Plaintiffs. RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 9 and on that basis denies them.

10.

RRII denies that it or any of the Defendants employed Plaintiffs and denies it required Plaintiffs to stay at any of its restaurants. RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 10 and on that basis denies them.

11.

RRII denies that its management supervised Plaintiffs' work at any of its locations. RRII admits that it communicated with Santana Dhannie regarding his provision of janitorial services to each of the Red Robin locations identified in Paragraph 9 of the Complaint. The remaining allegations in Paragraph 11 are so vague as to make any coherent response impossible and on that basis RRII denies the allegations except as specifically set forth herein.

12.

Deny.

13.

Deny.

14.

Deny.

Page 3 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

15.

Deny.

16.

Deny.

17.

Deny.

18.

Deny.

19.

Deny.

20.

Deny.

21.

Deny.

22.

Deny.

23.

Deny.

24.

Deny.

25.

Deny.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

SECOND  CLAIM FOR RELIEF

(Oregon Weekly Overtime – ORS 653.261)

(Against All Defendants)

26.

RRII incorporates its responses to Paragraphs 1 through 25 as though fully set forth herein.

27.

RRII denies that it or any of the Defendants employed Plaintiffs.  RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 27 and on that basis denies them.

28.

RRII denies that it or any of the Defendants employed Plaintiffs.  RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 28 and on that basis denies them.

29.

Deny.

30.

Deny.

31.

Deny.

32.

Deny.

33.

Deny.

34.

Deny.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

35.

Deny.

36.

Deny.

37.

Deny.

38.

Deny.

39.

Deny.

40.

Deny.

THIRD CLAIM FOR RELIEF

(Fair Labor Standards Act - Overtime: 29 U.S.C. § 207)

(Against All Defendants)

41.

RRII incorporates its responses to Paragraphs 1 through 40 as though fully set forth herein.

42.

The allegations in Paragraph 42 constitute legal conclusions to which no response is required. To the extent a response may be required, RRII admits that it is engaged in interstate commerce. RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 42 and on that basis denies them.

43.

Deny.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

44.

Deny.

45.

Deny.

46.

Deny.

47.

Deny.

## FOURTH CLAIM FOR RELIEF

### (Failure to Pay Wages on Termination: ORS 652.140)

### (Against All Defendants)

48.

RRII incorporates its responses to Paragraphs 1 through 47 as though fully set forth herein.

49.

Deny.  RRII specifically denies that it or any of the Defendants employed Plaintiffs.

50.

Deny.  RRII specifically denies that it or any of the Defendants employed Plaintiffs.

51.

The allegations in Paragraph 51 constitute legal conclusions to which no response is required. To the extent a response may be required, RRII admits that it received a demand letter dated September 1, 2022 from Oregon Law Center and that the letter speaks for itself.  RRII denies the remaining allegations in Paragraph 51 except as specifically set forth herein.

Page 7 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

52.

RRII admits it did not issue any payments in response to the demand letter. RRII denies any wages were due and owing to Plaintiffs. RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 52 and on that basis denies them.

53.

Deny.

54.

Deny.

55.

Deny.

56.

Deny.

FIFTH CLAIM FOR RELIEF

(Breach of Contract)

(Against Defendants Dhannie, Safe Space Cleaning, LLC, Afterwork Maintenance)

57.

RRII incorporates its responses to Paragraphs 1 through 56 as though fully set forth herein.

58.

The allegations in Paragraph 58 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 58 and on that basis denies them.

59.

The allegations in Paragraph 59 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 59 and on that basis denies them.

Page 8 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

60.

The allegations in Paragraph 60 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 60 and on that basis denies them.

61.

The allegations in Paragraph 61 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 61 and on that basis denies them.

62.

The allegations in Paragraph 62 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 62 and on that basis denies them.

63.

The allegations in Paragraph 63 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 63 and on that basis denies them.

64.

The allegations in Paragraph 64 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 64 and on that basis denies them.

65.

The allegations in Paragraph 65 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 65 and on that basis denies them.

Page 9 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

SIXTH CLAIM FOR RELIEF

(Employment discrimination: ORS 652.355)

(Against Defendants Dhannie, Safe Space Cleaning, LLC, Afterwork Maintenance)

66.

RRII incorporates its responses to Paragraphs 1 through 65 as though fully set forth herein.

67.

The allegations in Paragraph 67 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 67 and on that basis denies them.

68.

The allegations in Paragraph 68 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 68 and on that basis denies them.

69.

The allegations in Paragraph 69 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 69 and on that basis denies them.

70.

The allegations in Paragraph 70 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 70 and on that basis denies them.

71.

The allegations in Paragraph 71 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 71 and on that basis denies them.

72.

The allegations in Paragraph 72 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 72 and on that basis denies them.

73.

The allegations in Paragraph 73 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 73 and on that basis denies them.

74.

The allegations in Paragraph 74 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 74 and on that basis denies them.

75.

The allegations in Paragraph 75 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 75 and on that basis denies them.

76.

The allegations in Paragraph 76 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 76 and on that basis denies them.

77.

The allegations in Paragraph 77 are not directed toward RRII and therefore no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 77 and on that basis denies them.

Page 11 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

78.

The allegations in Paragraph 78 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 78 and on that basis denies them.

79.

The allegations in Paragraph 79 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 79 and on that basis denies them.

SEVENTH CLAIM FOR RELIEF

(Employment discrimination: ORS 659A.030(1)(a))

(Against Defendants Dhannie, Safe Space Cleaning, LLC, Afterwork Maintenance)

80.

RRII incorporates its responses to Paragraphs 1 through 79 as though fully set forth herein.

81.

The allegations in Paragraph 81 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 81 and on that basis denies them.

82.

The allegations in Paragraph 82 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 82 and on that basis denies them.

83.

The allegations in Paragraph 83 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 83 and on that basis denies them.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

84.

The allegations in Paragraph 84 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 84 and on that basis denies them.

85.

The allegations in Paragraph 85 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 85 and on that basis denies them.

86.

The allegations in Paragraph 86 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 86 and on that basis denies them.

87.

The allegations in Paragraph 87 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 87 and on that basis denies them.

88.

The allegations in Paragraph 88 are not directed toward RRII and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 88 and on that basis denies them.

EIGHTH CLAIM FOR RELIEF

(Oregon Contractor Registration Act: ORS 658.453(4))

(Against All Defendants)

89.

RRII incorporates its responses to Paragraphs 1 through 88 as though fully set forth herein.

Page 13 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

90.

The allegations in Paragraph 90 constitute legal conclusions to which no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 90 and on that basis denies them.

91.

The allegations in Paragraph 91 constitute legal conclusions to which no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 91 and on that basis denies them.

92.

The allegations in Paragraph 92 constitute legal conclusions to which no response is required. To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 92 and on that basis denies them.

93.

RRII denies that it or any of the Defendants employed Plaintiffs. RRII denies that it knowingly contracted with an unlicensed contractor. RRII lacks information sufficient to form a belief whether it inspected or retained a copy of contractor licenses from Santana Dhannie, Safe Space Cleaning, LLC or Afterwork Maintenance and on that basis denies the allegation. The allegation that RRII allowed anyone to perform work under their contract is impossibly vague and on that basis RRII denies the allegation. The remaining allegations in Paragraph 93 constitute legal conclusions to which no response is required.

94.

Deny.

95.

Deny.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

96.

The allegations in Paragraph 96 constitute legal conclusion to which no response is required. To the extent a response may be required, RRII denies. RRII denies that it or any of the Defendants employed Plaintiffs.

97.

The allegations in Paragraph 97 constitute legal conclusion to which no response is required. To the extent a response may be required, RRII denies. RRII denies that it or any of the Defendants employed Plaintiffs.

98.

The allegations in Paragraph 98 constitute legal conclusion to which no response is required. To the extent a response may be required, RRII denies. RRII denies that it or any of the Defendants employed Plaintiffs.

99.

The allegations in Paragraph 99 constitute legal conclusion to which no response is required. To the extent a response may be required, RRII denies. RRII denies that it or any of the Defendants employed Plaintiffs.

100.

RRII lacks information sufficient to form a belief as to the allegations in Paragraph 100 and on that basis denies them.

101.

Deny.

102.

Deny.

Page 15 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

## NINTH CLAIM FOR RELIEF

### (Oregon Contractor Registration Act: ORS 658.415)

### (Against Red Robin)

#### 103.

RRII incorporates its responses to Paragraphs 1 through 102 as though fully set forth herein.

#### 104.

RRII denies that it or any of the Defendants employed Plaintiffs.  RRII lacks information sufficient to form a belief as to the remaining allegations in Paragraph 104 and on that basis denies them.

#### 105.

The allegations in Paragraph 105 are so vague as to make any coherent response impossible and otherwise constitute a legal conclusion to which no response is required. To the extent a response is required, RRII admits that it contracted with Defendant Dhannie for indemnity arising from the provision of any janitorial services.  Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 105 and on that basis denies them except as expressly admitted herein.

#### 106.

The allegations in Paragraph 106 constitute legal conclusion to which no response is required.  To the extent a response may be required, RRII denies.

#### 107.

The allegations in Paragraph 107 constitute legal conclusion to which no response is required.  To the extent a response may be required, RRII denies.

Page 16 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

108.

The allegations in Paragraph 108 constitute legal conclusion to which no response is required.  To the extent a response may be required, RRII denies.

TENTH CLAIM FOR RELIEF

(Oregon Contractor Registration Act: ORS 658.475)

(Against All Defendants)

109.

RRII incorporates its responses to Paragraphs 1 through 108 as though fully set forth herein.

110.

Deny.

111.

The allegations in Paragraph 111 are not directed toward RRII and constitute legal conclusions, and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 111 and on that basis denies them.

112.

The allegations in Paragraph 112 are not directed toward RRII and constitute legal conclusions, and therefore no response is required.  To the extent a response may be required, RRII lacks information sufficient to form a belief as to the allegations in Paragraph 112 and on that basis denies them.

113.

RRII denies that Plaintiffs are entitled to any relief whatsoever on any of their claims.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

114.

RRII reserves the right to amend its responses to Plaintiffs' Complaint as more information becomes available through discovery.

**AFFIRMATIVE DEFENSES**

115.

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

Plaintiffs fail to allege sufficient ultimate facts and/or claims upon which relief can be granted.

116.

SECOND AFFIRMATIVE DEFENSE

(Waiver/Estoppel/Laches)

Plaintiffs' claims are precluded because Plaintiffs are estopped by their own conduct from claiming any right to damages or any relief against RRII and because RRII has been unduly prejudiced by Plaintiffs' failure to diligently pursue their claims against Defendants.

117.

THIRD AFFIRMATIVE DEFENSE

(Plaintiffs Not Employees)

Plaintiffs were not employees of RRII or any other Defendant, and neither RRII nor any other Defendant was an employer of Plaintiffs, and to the extent that any claim asserted by Plaintiffs is predicated upon the existence of an employer-employee relationship between Plaintiffs and Defendants, the same should be dismissed.

Page 18 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

118.

## FOURTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy all conditions precedent to this action, including the failure to pursue or exhaust administrative remedies.

119.

## FIFTH AFFIRMATIVE DEFENSE

### (No Joint Employment)

No joint employment relationship exists among RRII and any other Defendant or Plaintiffs and to the extent that any claim asserted by Plaintiffs is predicated upon the existence of a joint employment relationship among Plaintiffs and Defendants, the same should be dismissed.

120.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims and alleged damages are barred, in whole or in part, by Plaintiffs' own fault, including because he failed to mitigate, minimize, or prevent damages, if any, in a timely manner.

121.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

Page 19 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

122.

EIGHTH AFFIRMATIVE DEFENSE

(No Connection Between Allegations and Damages)

Plaintiffs' claims are barred to the extent that there was no causal connection between the events alleged in their Complaint and any damages which they allegedly suffered.

123.

NINTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiffs have not suffered any legally cognizable damages.

**CROSSCLAIMS**

1.

RRII asserts the following Crossclaims for damages and indemnity against Defendants Santana Dhannie ("Dhannie") and Afterwork Maintenance Inc. ("AM") (collectively, "Crossclaim Defendants"). RRII's crossclaims arise out of the same transactions or occurrences that are the subject matter of the complaint filed in this action.

2.

RRII is a corporation organized under the laws of the State of Nevada with its principal place of business in Colorado. At all relevant times, RRII was doing business in Oregon, including operating restaurants located in the Portland Metro Area.

3.

Dhannie is, on information and belief, a citizen of Texas and, at all relevant times, was the chief executive officer and owner of AM. At all relevant times, Dhannie has regularly conducted business in the state of Oregon.

Page 20 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

4.

On information and belief, AM was at all relevant times a janitorial services provider headquartered and incorporated in the state of Florida or Texas and regularly doing business in the state of Oregon.

5.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1332, 1441 and 1446 because the parties in this lawsuit are completely diverse, the amount in controversy exceeds $75,000.00 and because RRII timely removed this action to federal court.

6.

Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b) and 1446 because a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district and because this action was originally brought within this district and division and timely removed to federal court.

7.

On or about April 1, 2021, RRII and Crossclaim Defendants entered into a valid and enforceable master services agreement (the "MSA") for provision of current and future janitorial services at RRII locations across the United States. Section 11 of the MSA included the following indemnity clause:

> **Indemnity. CONTRACTOR SHALL INDEMNIFY, HOLD HARMLESS, AND, IF REQUESTED BY RED ROBIN, DEFEND RED ROBIN FROM AND AGAINST ALL CLAIMS, DEMANDS, LAWSUITS, ACTIONS, PROCEEDINGS, LIABILITIES, FINES, PENALTIES, IMPOSTS, FEES, COSTS, LOSSES, AND EXPENSES (INCLUDING, WITHOUT LIMITATION, REASONABLE ATTORNEY FEES AND COSTS) BROUGHT AGAINST OR INCURRED BY OR ON BEHALF OF RED ROBIN: (a) ARISING OUT OF OR PERTAINING TO CONTRACTOR'S BREACH OR ALLEGED BREACH OF THIS CONTRACT; (b)FOR OR**

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

**BECAUSE OF THE INJURY, ILLNESS AND/OR DEATH OF ANY PERSON, OR LOSS OF OR DAMAGE TO ANY PROPERTY (INCLUDING, WITHOUT LIMITATION, ANY JUDGMENT RENDERED AGAINST OR SETTLEMENT PAID BY OR ON BEHALF OF RED ROBIN IN ANY SUCH ACTION), THAT ARISES OUT OF OR PERTAINS TO ANY SERVICES PERFORMED BY CONTRACTOR AT RED ROBIN'S LOCATIONS. NOTWITHSTANDING ANY PROVISION HEREOF TO THE CONTRARY, CONTRACTOR PROVIDES NO INDEMNITY UNDER THIS CONTRACT AGAINST LIABILITY ARISING OUT OF RED ROBIN'S SOLE NEGLIGENCE OR INTENTIONAL MISCONDUCT.**

8.

In 2022, pursuant to the MSA, RRII contracted with Crossclaim Defendants to provide janitorial services at several of its Oregon locations, including 21170 SW Langer Farms Parkway in Sherwood, Oregon; 8403 SW Main Street in Wilsonville, Oregon; 4105 SW 117th Avenue in Beaverton, Oregon; and 7425 SW Nyberg Street in Tualatin, Oregon. Crossclaim Defendants agreed to indemnify, defend, and hold RRII harmless for claims arising in connection with Crossclaim Defendant's services performed at each location.

9.

On or about September 1, 2022, RRII received a demand letter from Plaintiffs' attorneys raising claims substantially the same as the claims raised by Plaintiffs in this lawsuit, for unpaid wages in connection with Crossclaim Defendants' provision of janitorial services at RRII restaurant locations.

10.

On November 2, 2022, RRII mailed a letter to Crossclaim Defendants tendering defense of Plaintiffs' claims to Crossclaim Defendants.

Page 22 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

11.

RRII received no response from Crossclaim Defendants regarding Plaintiffs' claims or the tender of defense.

12.

On March 8, 2023, Plaintiffs filed claims against RRII which fall under the scope of the indemnity provisions of the MSA.

13.

In or about September 2022, RRII terminated its contracts for janitorial services with Crossclaim Defendants.  RRII no longer uses Crossclaim Defendants services at any of its locations.

14.

On March 23, 2023, RRII discovered that Crossclaim Defendants are using and have used RRII's trademark in their business advertising without RRII's authorization or approval.

<u>FIRST CROSSCLAIM FOR RELIEF</u>

<u>(Breach of Contract)</u>

<u>(Against Both Crossclaim Defendants)</u>

15.

RRII hereby incorporates by reference the allegations in Paragraphs 1 through 14 of the Crossclaims as though fully restated herein.

16.

Crossclaim Defendants entered into a valid and enforceable agreement with RRII to defend, indemnify and hold RRII harmless in connection with any demand or claim arising from the janitorial services provided by Crossclaim Defendants.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

17.

Plaintiffs assert claims against RRII arising from the janitorial services provided by Crossclaim Defendants.

18.

As a result of Plaintiffs' claims against RRII, RRII faces potential liability including but not limited to expenses, losses and claims relating to any damages awarded to Plaintiffs as well as RRII's additional costs and legal fees incurred in ongoing and future defense against Plaintiffs' claims in this lawsuit.

19.

Crossclaim Defendants breached the indemnity agreement and their duty to defend and indemnify RRII by refusing and continuing to refuse to accept RRII's tender of defense and defend RRII against Plaintiffs' claims and demands.

20.

Crossclaim Defendants breached the indemnity agreement by way of their refusal to, among other things, indemnify, protect, and/or defend RRII for or from the claims made by Plaintiffs in this lawsuit.

21.

Crossclaim Defendants' breach has caused and will continue to cause RRII damages in the form of legal costs, attorney fees and exposure to potential liability for damages to Plaintiffs.

<u>SECOND CROSSCLAIM FOR RELIEF</u>

<u>(Common Law Indemnity)</u>

<u>(Against Both Crossclaim Defendants)</u>

22.

RRII hereby incorporates by reference the allegations in Paragraphs 1 through 21 of the Crossclaims as though fully restated herein.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

23.

RRII faces potential liability to Plaintiffs for damages in connection with claims arising from Crossclaim Defendants' provision of janitorial services.

24.

Crossclaim Defendants face the same potential liability to Plaintiffs for damages in connection with claims arising from Crossclaim Defendants' provision of janitorial services.

25.

As among RRII and Crossclaim Defendants, Crossclaim Defendants ought to pay any damages awarded to Plaintiffs in connection with Plaintiffs' claims.

26.

RRII is therefore entitled to full indemnity from Crossclaim Defendants for any and all damages awarded to Plaintiffs in connection with Plaintiffs' claims arising from the janitorial services provided by Crossclaim Defendants.

<u>THIRD CROSSCLAIM FOR RELIEF</u>

<u>(Trademark Infringement)</u>

<u>(Against Both Crossclaim Defendants)</u>

27.

RRII hereby incorporates by reference the allegations in Paragraphs 1 through 26 of the Crossclaims as though fully restated herein.

28.

RRII owns a valid mark entitled to protection. The RRII mark is distinctive and specifically associated with RRII and its superior food and service quality standards. RRII is the senior user of the mark.

Page 25 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

29.

Crossclaim Defendants used RRII's protected mark in connection with an offer for sale or advertisement of services without RRII's consent in an effort to capitalize on the favorable commercial impression created by RRII and the association with the success of Crossclaim Defendants' business.

30.

Crossclaim Defendants' use of RRII's mark is likely to cause confusion, mistake and deception to the detriment of RRII by causing the false impression in the minds of consumers that Crossclaim Defendants' services are used and sponsored or somehow affiliated with RRII.

31.

Crossclaim Defendants have been unjustly enriched by their misappropriation and use of RRII's trademark and the associated goodwill and reputation carefully cultivated by RRII at great expense and effort.

32.

Crossclaim Defendants' unlawful conduct, including as described above, was deliberate, knowing and in willful disregard of RRII's property rights.

33.

RRII has been damaged by Crossclaim Defendants' acts in an amount to be determined at trial.

34.

If Crossclaim Defendants' conduct is allowed to continue, RRII and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

Page 26 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

WHEREFORE, RRII prays for judgment in its favor and against Crossclaim Defendants, as follows:

1. An injunction enjoining Crossclaim Defendants to fully indemnify, defend and hold RRII harmless against all claims raised by Plaintiffs against RRII that arise out of the janitorial services provided by Crossclaim Defendants;

2. An injunction restraining Crossclaim Defendants from using or displaying RRII's mark;

3. Economic damages in an amount to be determined at trial;

4. Restitution of all profits Crossclaim Defendants derived from the use RRII's mark;

5. Reasonable attorney fees, costs, disbursements;

6. Prejudgment and post-judgment interest at the highest permissible rate;

7. Such other relief as the Court deems just and proper.

DATED: April 24, 2023.

JACKSON LEWIS P.C.

By:    *s/ Kevin Coles*
    Kevin Coles, OSB #170926
    kevin.coles@jacksonlewis.com
    Attorney for Defendant Red Robin
    International, Inc.

Page 27 – DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

## DECLARATION OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT RED ROBIN INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS** via:

☐ Electronic Mail

■ US Postal Service - (Crossclaim Defendants only)

■ CM/ECF – (Plaintiff only)

☐ Facsimile Service

☐ Hand Delivery

☐ UPS

as follows on the date stated below:

Cassandra Blake, OSB #193336
Che Orion, OSB #205957
Oregon Law Center
230 NE Second Ave., Ste. F
Hillsboro, OR 97124
cblake@oregonlawcenter.org
corion@oregonlawcenter.org
*Attorneys for Plaintiff*

Santana Dhannie
Afterwork Maintenance
3644 Tierra Madrid
El Paso, TX 79938-4316
*Crossclaim Defendants*

DATED this 24th day of April, 2023.

By: *s/ Delores Petrich*
Delores Petrich

4881-4191-6767, v. 1

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)